**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| VANCE S. ELLIOTT, | No. C 06-04842 SBA |
| Plaintiff, | and Related Case:<br>No. C 07-04446 SBA |
| v. | **ORDER** |
| SAN FRANCISCO RESIDENTIAL RENT STABILIZATION and ARBITRATION BOARD, | [Docket Nos. 51-4842, 20-4446] |
| Defendant. | |

**INTRODUCTION**

For the reasons stated below, the Court DENIES pro se plaintiff Vance E. Elliott's motion to alter and amend judgment under Federal Rule of Civil Procedure 59(e) [Docket No. 51; Docket No. 20 in related case C-07-04446].

**BACKGROUND**

On August 4, 2006, pro se plaintiff Vance E. Elliott filed suit against defendant San Francisco Residential Rent Stabilization and Arbitration Board (the "Board"). *See* Docket No. 1. He then filed amended complaints on October 27, and November 8 and 29, 2006. *See* Docket Nos. 6, 9, and entry dated 11/29/2006. He claimed the Board's Uniform Visitor Policy violated the Fourteenth Amendment by circumscribing visitors to single resident only (SRO) residences to between the hours of 9:00 a.m. and 9:00 p.m. Docket No. 6 at 2. The Board answered on December 5, 2006. *See* Docket No. 10. Despite this, Elliott filed three amended complaints on January 17 and 18 and February 27, 2007. *See* Docket entries for these dates.

On April 4, 2007 the Court issued a scheduling order, setting a discovery cutoff for November 1, 2007, a motion cutoff for January 8, 2008, a pretrial conference for February 12, 2008, and a jury trial for February 25, 2008. Docket No. 20. The Court also ordered the parties to hold a mandatory settlement conference between January 9 through 18, 2008. *Id.*

///

1       Two days later, on April 6, 2007, the Court referred this matter to Magistrate Judge Brazil
2 for settlement purposes. *See* Docket entry for 4/6/07. On April 9, 2007, the ADR Clerk set a
3 telephone conference for April 18, 2007. *See* Docket No. 19. Elliott failed to participate. Docket
4 entry for 4/18/07. The ADR clerk set an in-person conference for May 1, 2007. Docket No. 22.
5 Elliott appeared. *See* Docket entry for 5/1/07.

6       On June 26, 2007, Elliott filed a complaint against the Board, in case number MC-07-80166
7 ("80166"), which was assigned to Judge Vaughn R. Walker, *see* Docket No. 1-80166. Elliott raised
8 the same allegations he made in this matter. *See id.* On August 28, 2007, 80166 was redesignated
9 as C-07-04446 ("4446") and assigned to Judge Martin J. Jenkins. *see* Docket No. 1-4446, *see*
10 Docket entry for 8/28/2007, in 80166.

11       On October 3, 2007, on the Board's motion [Docket No. 25], the Court related this matter to
12 case 4446. *See* Docket No. 28. This same day, the Board filed an Answer in 4446. *See* Docket
13 No. 9-4446.

14       On October 10, 2007, Magistrate Judge Brazil sent notices to the parties setting a settlement
15 conference for January 17, 2008, and a deadline of January 8, 2008 for confidential settlement
16 statements. *See* Docket No. 29. On October 12, 2007, the Court referred case 4446 to Magistrate
17 Judge Brazil for settlement. *See* Docket No. 30. On October 26, 2007, Magistrate Judge Brazil sent
18 notices to the parties joining case 4446 with the existing settlement conference and statement
19 schedule. *See* Docket No. 32.

20       On December 5, 2007, the Court set hearings on the Board's two motions for February 26,
21 2008. *See* Docket No. 41. On December 10, 2007, Elliott filed an amended complaint in case 4446.
22 *See* Docket entry for 12/10/2007, in 4446.

23       On January 18, 2008, Magistrate Judge Brazil issued an Order to Show Cause ("OSC")
24 regarding sanctions for Elliott's failure to appear on January 17 or to file a settlement statement. *See*
25 Docket No. 42. Elliott was ordered to file and serve a statement by February 8, 2008, explaining his
26 failure to file a settlement statement or to appear at the conference, and to appear on February 15,
27 2008, before the Magistrate Judge to explain his actions. *Id.* at ¶¶ 1-2.
28 ///

1  On February 20, 2008, Magistrate Judge Brazil issued a Report and Recommendation
2  Following Show Cause Hearing, recommending the Court dismiss both of Elliott's matters, as he
3  was failing to prosecute his action, as he had not filed a statement or appeared, in response to the
4  January 18 Order to Show Cause. *See* Docket No. 46.

5  In addition to Elliott's failure to participate in the settlement proceedings, on November 29,
6  2007, the Board filed a motion to dismiss this matter for lack of standing. *See* Docket No. 35. This
7  same day, the Board filed a motion to consolidate case 4446 with this matter. *See* Docket No. 39.
8  On December 5, 2007, the Court set hearings on the Board's two motions for February 26, 2008.
9  *See* Docket No. 41.

10 Elliott did not file oppositions to the Board's two motions. The Court thus vacated the
11 February 26, 2008 hearings, and set an OSC hearing for March 13, 2008, regarding whether this
12 matter and case 4446 should be dismissed without prejudice for Elliott's (1) failure to comply with
13 the Court's order and/or for failure to prosecute; and/or (2) failure to oppose the Board's motion to
14 dismiss. *See* Docket No. 47. The Court's OSC order noted its Order for Pretrial Preparation, filed
15 April 4, 2007, warned the parties, " 'The failure of the opposing party to file a memorandum of
16 points and authorities in opposition to any motion shall constitute a consent to the granting of the
17 motion.' Docket No. 20 at 2:11-12." Docket No. 47. The Court also ordered Elliott to file a
18 "Certificate of Plaintiff" at least ten days prior to the OSC hearing, explaining why the Court should
19 not take one or both of these actions. *See id.* And, the Court invited the Board to submit a pleading
20 as to why the Court should not dismiss this matter. *See id.*

21 On March 3, 2008, Elliott filed a "Certificate of Plaintiff" in case 4446, only. *See* Docket
22 No. 17-4446. In it, he apologized for not appearing at the settlement conferences and indicated the
23 reason was because the Board's alleged policy of limiting visitors to SROs between the hours of
24 9:00 a.m. and 9:00 p.m. violated the Fourteenth Amendment. *See id.* He did not elaborate on the
25 logical nexus of the two concepts. *See id.* This same day, the Board filed a request that the Court
26 adjudicate its motion to dismiss, on the merits, so Elliott, who has more than once filed this same
27 action before, would allegedly be unable to file it again, under res judicata. *See* Docket No. 48.
28 ///

3

On March 13, 2008, Elliott and the Board appeared at the OSC hearing. Elliott indicated he had not appeared at the settlement conferences because he wanted a jury trial, and believed that if he appeared at the conferences, his case would somehow be dismissed. He also indicated he wanted a chance to respond to the Board's motion to dismiss. The Court gave Elliot until March 26, 2008 to file and serve an opposition. *See* Docket No. 49. Upon doing so, the Board was to file a reply, if any, by April 2, 2008, after which the Court would dismiss or set a case management conference. *See id.* Elliott did not file any opposition within that time, and on April 1, 2008, the Court dismissed the case for failure to prosecute. *See* Docket No. 50. On April 8, 2008, Elliott filed a letter with the Court seeking to "refile" his complaint in this matter and in case 4446. *See* Docket Nos. 51-4842 and 20-4446. In it, he repeats his earlier arguments against the Board's policy.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." A Rule 59 motion is a proper vehicle by which to seek to vacate an order of dismissal. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995); *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980). Despite what the motion calls itself, a court will construe it on the basis of the requested relief. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). Generally, a post-order motion seeking a substantive change in the order, as opposed to a clerical one, will be considered a Rule 59(e) motion, if filed within ten days of the order. Otherwise it will be considered a Rule 60(b) motion. *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Under rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**ANALYSIS**

Here, Elliott filed his letter seven calendar days after the Court entered its dismissal. In it, he asks the Court for permission to re-file his complaint and to continue with his suit. In essence, he requests the Court vacate its dismissal. As this is a substantive change filed within ten days of final

4

1  disposition, the Court will construe Elliot's letter as a Rule 59(e) motion to alter or amend judgment.
2  Because Elliott has shown no grounds for the Court to do so, his motion is denied.  First, he has not
3  presented any newly discovered evidence that would challenge the Court's dismissal for his failure
4  to prosecute.  Instead, he merely reiterates some of his arguments against the Board's
5  policy.[1]  Second, he has not presented any argument that the Court's ruling was erroneous or
6  manifestly unjust.  Finally, his motion does not allege any intervening change in the law controlling
7  dismissals for failure to prosecute, under Federal Rule of Civil Procedure 41(b).  Thus, Elliott's
8  motion satisfies none of the factors under Rule 59(e) that would warrant the Court reconsidering
9  dismissing his case for his failure to prosecute it.

## CONCLUSION

Accordingly, pro se Plaintiff Vance S. Elliot's motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) are DENIED for case 06-04842, related case 07-04446, and all other related matters [Docket Nos. 51-4842, 20-4446].

IT IS SO ORDERED.

June 4, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

---

[1]  Although Rule 59(e) does not require him to do so, Elliott made no effort to explain his failure to timely oppose the Board's motion to dismiss as ordered by the Court.

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ELLIOTT et al,

        Plaintiff,

v.

SAN FRANCISCO RENT STABILIZATION
AND ARBITRATION B et al,

        Defendant.

Case Number: CV07-04446 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vance S. Elliott
The Baldwin House #227
74 Sixth Street
San Francisco, CA 94103

Dated: June 4, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk